ELECTRO-DYNAMIC CO. v. WESTINGHOUSE ELECTRIC & MFG. CO.

(Circuit Court of Appeals, Second Circuit. January 13, 1913.)

No. 92.

PATENTS (§ 328*)—ANTICIPATION—ELECTRIC MOTOR.
The Pfatischer patent, No. 775,310, for a variable speed motor, *held* void for anticipation in the prior art.

Appeal from the Circuit Court of the United States for the Southern District of New York; Charles M. Hough, Judge.

Suit in equity by the Electro-Dynamic Company against the Westinghouse Electric & Manufacturing Company. Decree for defendant, and complainant appeals. Affirmed.

For opinion below; see 191 Fed. 506.

The bill was based on letters patent No. 775,310, granted to Mathias Pfatischer November 22, 1904, for improvements in variable speed motors. Claims 1, 2, 5, 6, and 7 are involved.

Norman G. Johnson, of New York City (John C. Pennie and William H. Davis, of New York City, of counsel), for appellant.

Frederick P. Fish and Charles Neave, both of New York City, for appellee.

Before LACOMBE, COXE, and WARD, Circuit Judges.

PER CURIAM. The improvements covered by the claims in question were the natural evolution of the art to meet the demand for a

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

motor to drive small electric tools. The main object which the patentee had in view was the prevention of undue sparking. He says:

"My improvements are particularly applicable to direct-current shunt-wound motors; and it is an object of my invention to provide a motor of that type which will effect communication without sparking with a variable load as well as at variable speed, and which is capable of rotation in either direction."

Each of the claims in controversy states that the combination described enables the armature to rotate at variable speed and load, in either direction, without sparking and without varying the position of the brushes. This result is accomplished by the use of interpoles; but interpoles were well known in the prior art.

Ridgeway seems to us to embody all the essential features of the complainant's patent. His motor operates in the same way and accomplishes the same results. The only difference is that the interpole winding, instead of being confined to the interpole, is carried to each of the adjoining main poles and is attached to the same, though it does not encircle the main pole. Whether this be so or not is immaterial, for the reason that the Ridgeway interpole performs the functions of an interpole, and whether it performs other functions, not inconsistent with its work as an interpole, is immaterial.

Swinburne in 1890 published an article on reversing poles, in which he says it is probable that they will come into general use for keeping the electro-motive force stable at light loads. In other words, act as interpoles. The same statements are found in other prior articles.

It is unnecessary to enter further into details, as the entire subject is clearly treated in the opinion of Judge Hough, and we are fully in accord with the conclusions reached by him.

The decree is affirmed, with costs.